IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE YARD MILKSHAKE BAR PROPERTIES, LLC, and THE YARD MILKSHAKE BAR FRANCHISING, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIV. ACT. NO. 1:20-cv-498-TFM-MU |
| BBH CREATIONS, LLC; BO STEELE a/k/a ROBERT K. STEELE; and SHERRI STEELE, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's *Motion to Dismiss or, in the Alternative, to Transfer to the United States District Court for the District of South Carolina*. Doc. 8, filed December 21, 2020. The motion has been fully briefed and is ripe for review. After a careful review of the motion, response, reply, sur-reply, and relevant case law, the Court **DENIES** Defendant's motion to dismiss or transfer venue for the reasons articulated below.

**I.   JURISDICTION AND VENUE**

Pursuant to 28 U.S.C. § 1331, this Court has original federal question subject matter jurisdiction because this case arises under the Defend Trade Secrets Act, 18 U.S.C. § 1836(c), the Lanham Act Unfair Competition, Trade Dress Infringement, 15 U.S.C. § 1121, Copyright Infringement and Contributory Copyright Infringement, 28 U.S.C. § 1338, and the Computer Fraud and Abuse Act. This Court also has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are challenged pursuant to the motion before the

Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs The Yard Milkshake Bar Properties, LLC and The Yard Milkshake Bar Franchising, LLC (collectively, "Plaintiffs") brought this suit against Defendants BBH Creations, LLC, Bo Steele a/k/a Robert Steele, and Sherri Steele (collectively, "Defendants") in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction) on October 9, 2020. *See* Doc. 1. Plaintiffs' *Complaint* (Doc. 1, filed 10/20/2020) raises nine causes of actions against the Defendants: (1) the Defend Trade Secrets Act, 18 U.S.C. § 1836(c); (2) Alabama Trade Secrets Act; (3) South Carolina Trade Secrets Act; (4) Lanham Act Unfair Competition, 15 U.S.C. §§ 1114, 1125(a); (5) Trade Dress Infringement; (6) Computer Fraud and Abuse Act; (7) Copyright Infringement; (8) Contributory Copyright Infringement; (9) Civil Conspiracy. *Id.* at 18 - 32.

On December 21, 2020, Defendants filed their motion to dismiss and alternative request to transfer venue. Doc. 8. Defendants argue that this Court should dismiss this suit for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) or transfer this suit to the United States District Court of South Carolina pursuant to 28 U.S.C. § 1404. *Id.* Defendants reason that this Court has neither general nor specific personal jurisdiction over them because Defendants have not had adequate contact with the state of Alabama to anticipate being hauled into Court here. *Id.* at 6 – 8. Additionally, Defendants argue that if this Court determines that it has personal jurisdiction over the Defendants, then it should transfer this case to South Carolina for the convenience of the parties and witnesses, and in the interest of justice. *Id.* at 11. Defendants contend that the vast majority of the relevant evidence and witnesses will be located in South Carolina. Therefore, forcing the Defendants to litigate the propriety of their actions selling

milkshakes in South Carolina in an Alabama court would violate traditional notions of fair play and substantial justice. *Id.* at 10 – 11.

Plaintiffs timely responded in opposition to the motion to dismiss on January 11, 2021. *See* Doc. 10. In the response, Plaintiffs raise several arguments against Defendants' position. Plaintiffs contend this Court has specific personal jurisdiction over the Defendants because this case satisfies the three-part due process test. Plaintiffs' claims arise out of Defendants' contacts in Alabama, Defendants purposely availed themselves of Alabama forum, and personal jurisdiction comports with traditional notions of fair play and substantial justice. *Id*. at 3. Additionally, Plaintiffs argue that Defendants have not satisfied their burden of establishing that this case represents one of the rare situations that warrants changing plaintiffs' choice of forum and the majority of the factors weigh against transferring this case.

On January 19, 2021, Defendants filed a reply in support of its motion to dismiss or in the alternative to transfer venue. Defendants contend that this Court lacks personal jurisdiction over the Defendants because they did not aim their conduct at Alabama, which is required by the *Clader* test. Defendants also filed an Affidavit from Defendant Robert Steele to support its arguments and to express Defendants' intent to file a compulsory counterclaim against Plaintiffs for intentional interference with a business relationship and other claims. Doc. 11-1, Exhibit A.

On February 1, 2021, Plaintiffs moved to strike the Affidavit or alternatively requested to file a sur-reply. Doc. 16. This Court denied Plaintiffs' motion to strike and granted Plaintiffs' motion to file a sur-reply. On February 26, 2021, Plaintiffs' filed their sur-reply. Doc. 24. Plaintiffs rebut Defendants' denial of contact with the state of Alabama. Plaintiffs also argue that Defendants' purported counterclaim has no impact on the current jurisdiction and venue issues

before the Court. The motion to dismiss or transfer is fully briefed and ripe for the Court's consideration.

### III.   STANDARD OF REVIEW

To overcome a motion to dismiss for lack of personal jurisdiction, the plaintiff must ultimately show the existence of personal jurisdiction by a preponderance of the evidence. *ArcyliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021). The district court "can impose the preponderance-of-the-evidence standard right away, during the pre-trial phase, by conducting an evidentiary hearing right away" or, alternatively, "the district court can wait to impose a preponderance-of-the-evidence standard until trial." *Id*; *see also* Fed. R. Civ. P. 12(i) (providing that, "if a party so moves," motions under Rule 12(b)(2) "must be heard and decided before trial unless the court orders a deferral until trial").

Where the court does not hold a hearing on the initial motion to dismiss and instead defers the hearing on the motion to dismiss until trial, the court decides the motion based solely on the complaint and affidavits. *AcryliCon*, 985 F.3d at 1364. In such instances, the plaintiff need only establish a prima facie case of jurisdiction over the non-resident defendant. *Id*.; *Xena Invs., Ltd. v. Magnum Fund Mgmt. Ltd*, 726 F.3d 1278, 1283 (11th Cir. 2013); *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). A prima facie case is established if it is sufficient to withstand a motion for directed verdict or motion for judgment as a matter of law. *AcryliCon*, 985 F.3d at 1364 (citing *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)). "The burden for overcoming a motion for judgment as a matter of law is the same as that for overcoming a motion for summary judgment; legally sufficient evidence must exist to create a genuine issue of material fact." *S. Alabama Pigs, LLC v. Farmer Feeders, Inc.*, 305 F. Supp. 2d 1252, 1257 (M.D. Ala. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106

S. Ct. 2548, 91 L. Ed. 2d 265 (1986) and *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987)).

A defendant may move to dismiss an action based on "lack of personal jurisdiction." FED. R. CIV. P. 12(b)(2). "Whether the plaintiff satisfies the prima facie requirement is a purely legal question; the district court does not weigh evidence or make credibility determinations." *AcryliCon*, 985 F.3d at 1364-65. "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (internal quotation marks omitted). The Court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits. *Id.* Where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff. *Id*.

To determine whether this Court has personal jurisdiction over a non-resident defendant, the Court must examine the relationship of the non-resident defendant, the forum, and the matter to be litigated. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 2580, 53 L. Ed. 2d 683 (1977). Federal courts consider two questions when resolving personal jurisdiction: (1) whether personal jurisdiction exists over the nonresident defendant under the forum state's long arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). Alabama's long-arm statute authorizes courts to "assert

jurisdiction to the fullest extent constitutionally permissible." *Id*. Pursuant to the Due Process Clause of the Fourteenth Amendment, to assert personal jurisdiction over a nonresident defendant, the nonresident defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 342, 85 L. Ed. 278 (1940)).

Personal jurisdiction may be either general or specific. General personal jurisdiction is established "[w]hen a state exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum…." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S. Ct. 1868, 1872 n. 9, 80 L. Ed. 2d 404 (1984). General personal jurisdiction is proper when a defendant has contacts with the forum that are "so continuous and systematic as to render [the defendant] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) (internal quotation marks omitted). Specific personal jurisdiction is established "when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum…." *Helicopteros*, 466 U.S. at 414 n. 8, 104 S. Ct. at 1872 n. 8. Specific personal jurisdiction requires "that the defendant's conduct and connection to the forum are such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d. 490 (1980).

### IV. DISCUSSION AND ANALYSIS

Defendants move this Court to dismiss this action for lack of personal jurisdiction or in the alternative to transfer this action to the United States District Court of South Carolina. The

Court finds that both motions are due to be denied and will address each argument in turn.

**A.     Motion to Dismiss**

The issue before the Court is whether Alabama's exercise of jurisdiction over Defendants violates due process. The Court finds that it does not. Plaintiffs concede that Defendants are not subject to general personal jurisdiction in Alabama, because Defendants cannot be deemed to be "essentially at home" in Alabama. *See Williams Electric Co. v. Honeywell, Inc.*, 854 F.2d 389, 391 (11th Cir. 1988). Plaintiffs argue that this Court has specific personal jurisdiction over the Defendants because this case satisfies the three-part due process test. The three-part due process test examines "(1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton Malletier, S.A.,* 736 F.3d at 1355. Plaintiffs bear the burden of establishing the first two prongs, and if this burden is met, Defendants must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice. *Id.* (citing *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010)).

   1. **"Arising Out of" or Relatedness**

Plaintiffs' claims must arise out of Defendants' contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 15, 105 S. Ct. 2174, 2182 n. 15, 85 L. Ed. 2d 528 (1985). "[A] relationship among the defendant, the forum, and the litigation is the essential foundation of *in personum* jurisdiction…." *Helicopteros*, 466 U.S. at 414, 104 S. Ct. at 1872 (internal quotation marks omitted). Defendants argue that it is "not enough that there be some similarity between the

activities that connect the defendant to the forum and the plaintiff's claim" but that defendant's contacts with the forum must be related to the "operative facts of the controversy." *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 n. 3 (11th Cir. 2008).  Defendants reason that the operative facts of this lawsuit concern whether Defendants' milkshakes sold in South Carolina impermissibly copy Plaintiffs' milkshakes sold in Alabama.  Doc. 8 at 8.

The Court finds that Defendants' contacts with Alabama are related to the operative facts of the controversy and therefore arise out of Defendants' contacts with Alabama.  Plaintiffs' Complaint alleges that Defendants intentionally stole Plaintiffs' data that was created, transmitted, and stored in Alabama; intentionally copied product configurations and names from Plaintiffs' copyrighted website that is created, hosted, and disseminated from Alabama; advertised their copycat goods and services over the internet in Alabama; advertised and solicited franchise applicants in Alabama, and purchased products directly from Plaintiffs' affiliates in Alabama allegedly to copy Plaintiffs' products.  *See* Doc. 1 at ¶ 9; Doc. 10 at 4.  Defendants' Affidavit refutes most of Plaintiffs' allegations that establish Defendants' contact with Alabama.  *See generally* Doc. 11-1.  Defendants contend that neither owner has ever been to or conducted business in Alabama and never aimed or directed any advertisement towards Alabama.  Defendants also assert that The Crazy Mason Milkshake Bar is not a franchise and has never received a franchise application from Alabama.  Lastly, Defendants state they never accessed any information concerning Plaintiffs' or their business through any Sysco Corporation system. Doc. 11-1 at ¶¶ 5 – 10.

Here, the Court must accept the facts alleged in the complaint as true.  Certain allegations are controverted by Defendants' affidavit, but where Plaintiffs' Complaint and Defendants' Affidavit conflict, this Court is required to construe all reasonable inferences in favor of the

plaintiff. *See Madara*, 916 F.2d at 1514. Accordingly, it is reasonable to infer that the alleged claims in Plaintiffs' Complaint are related to the operative facts of the controversy. Plaintiffs' allegations against Defendants and the apparent similarity between Plaintiffs' milkshakes and Defendants' milkshakes, in form and name, are sufficient to support a direct causal relationship between Defendants, Alabama, and Plaintiffs' claims. It is reasonable to conclude that Plaintiffs' claims arise out of Defendants' contacts with Alabama. Thus, the first prong is satisfied.

### 2. Purposeful Availment

According to the United States Supreme Court, an intentional tort aimed at a forum state can sufficiently establish "minimum contacts" for specific personal jurisdiction based on its effects on the forum state. *Calder v. Jones*, 465 U.S. 783, 789, 104 S. Ct. 1482, 1487, 79 L. Ed. 2d 804 (1984). The Eleventh Circuit Court of Appeals discussed the necessary showing for finding minimum contacts in a trademark case by stating, "intentional torts…may support the exercise of personal jurisdiction over the nonresident defendant who has no other contacts with the forum." *Licciardello*, 544 F.3d at 1285. In the context of personal jurisdiction analysis, the Court considers all of Plaintiffs' claims related to the intentional theft of trade secrets, trademark infringement, unfair and deceptive trade practices, and copyright infringement as intentional torts. *See id.* at 1287-88. Additionally, the Court notes that "states have a special interest in exercising jurisdiction over those who commit intentional torts causing injury to their residents." *Id*. at 1286.

The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person. *See Burger King Corp.*, 471 U.S. at 475, 105 S. Ct. at 2184 (internal quotation marks omitted). Jurisdiction may be constitutionally asserted over the nonresident defendant whenever he has by his own purposeful conduct created a "substantial

connection" with the forum state. *Id*. So long as the non-resident defendant's conduct creates a substantial connection with the forum, even a single act can support jurisdiction. *Id*.

Here, the Court finds that Defendants' alleged conduct meets the purposeful availment requirement of the personal jurisdiction due process analysis. If the Court accepts the allegations made in Plaintiffs' Complaint as true and construe all reasonable inferences in favor of the Plaintiffs, which it is required to do, then it follows that Defendants have purposefully availed themselves in Alabama. *See Madara*, 916 F.2d at 1514. Plaintiffs argue that Defendants stole their data transmitted from Alabama to copy their products, services, and marks. Defendants have allegedly used Plaintiffs' copyrights, trademarks, service marks, and trade secrets to confuse the Alabama public as to the origin of Defendants' goods, and to advertise and solicit franchisees of their own based on Plaintiffs' intellectual property. Consequently, Plaintiffs have lost franchises and corresponding revenue in Alabama. Doc. 10 at 7. Defendants' actions of copying Plaintiffs' milkshakes and infringing Plaintiffs' copyrights and trademarks has created a "substantial connection" between Defendants and Alabama. Defendants argue that they have never been to or conduct any business in Alabama. Doc. 11-1 at ¶ 5. This argument is immaterial to the Court's analysis because it is well settled that jurisdiction may not be avoided merely because the defendant did not *physically* enter the forum State. "So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, [courts] have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Burger King Corp.*, 471 U.S. at 476, 105 S. Ct. at 2184. Therefore, the Court finds that Defendants have sufficient contacts with Alabama so that it was foreseeable that they would be sued here.

3. **Traditional notions of fair play and substantial justice**

The Court now considers whether the assertion of personal jurisdiction over the Defendants

would comport with traditional notions of fair play and substantial justice. *Int'l Shoe Co.*, 326 U.S. at 320, 66 S. Ct. at 160. Plaintiffs have satisfied the first two prongs of the personal jurisdiction due process test, therefore the burden shifts to Defendants to make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice. *See Diamond Crystal Brands, Inc.*, 593 F.3d at 1267. The Eleventh Circuit has emphasized that a defendant is able to satisfy this burden "only in highly unusual cases" where the defendant "demonstrate[s] that the assertion of jurisdiction in the forum will make litigation so gravely difficult and inconvenient that he unfairly is at a severe disadvantage in comparison to his opponent." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948 (11th Cir. 1997). "Once it is decided that defendants have at least minimum contacts with a forum, the burden is on the defendants to show that the imposition of jurisdiction in the forum is unreasonable." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1358 (11th Cir. 2000). "In determining whether jurisdiction comports with traditional notions of fair play and substantial justice, courts examine: (a) 'the burden on the defendant,' (b) 'the forum State's interest in adjudicating the dispute,' (c) 'the plaintiff's interest in obtaining convenient and effective relief,' (d) 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and (e) 'the shared interest of the several States in furthering substantive social policies.'" *McGow v. McCurry*, 412 F.3d 1207, 1216 (11th Cir. 2005) (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1276 (11th Cir. 2002)).

The Court finds that Defendants have failed to make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice. *Louis Vuitton Malletier, S.A.,* 736 F.3d at 1355. Although Defendants are likely to experience some burden by having to litigate this suit in Alabama as opposed to South Carolina, the Court finds that such a

burden is significantly reduced due to modern methods of transportation and communication. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 259 (11th Cir. 1996). Alabama has significant interest in adjudicating this lawsuit because it involves Alabama residents who allege they were injured in Alabama as a result of Defendants' actions. This interest is emphasized given the allegations of intellectual property theft and the likelihood of public confusion within Alabama in particular. *See Licciardello*, 544 F.3d at 1286. Alabama is also the forum in which Plaintiffs have a significant interest in obtaining convenient and effective relief because the injury to Plaintiffs occurred in Alabama as opposed to South Carolina. This case can be efficiently resolved in Alabama because this is the location of key witnesses, such as Plaintiffs' principals and employees, Sysco Corporation employees in Alabama and Florida. Alabama is also where significant documentary evidence exists. It is clear that resolution of this matter in the state of Alabama aligns with Alabama's interests in providing an effective means of recovery for its residents who have been damaged. Accordingly, the Court finds that this Court has personal jurisdiction over the Defendants and such personal jurisdiction comports with traditional notions of fair play and substantial justice.

Thus, Alabama's exercise of specific personal jurisdiction over Defendants does not violate due process. Plaintiffs' claims arise out of Defendants' contacts in Alabama, Defendants purposely availed themselves of Alabama forum, and personal jurisdiction comports with traditional notions of fair play and substantial justice. Doc. 10 at 3. Therefore, Defendants' motion to dismiss pursuant to Rule 12(b)(2) is due to be denied.

**B.     Motion to Transfer Venue**

Next, the Court turns to Defendants' alternative request to have this case transferred to the U.S. District Court for the District of South Carolina pursuant to 28 U.S.C. § 1404(a). The statute

provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* "The statute is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 812, 11 L. Ed. 2d 945 (1964)). Analysis under § 1404 considers: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005) (citations omitted). "[F]ederal courts traditionally have accorded a plaintiff's choice of forum considerable deference…." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Therefore, it is Defendants' burden to establish that the U.S. District Court of South Carolina is more convenient than the Southern District of Alabama forum selected by Plaintiffs. *See id.* ("[F]or transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient.").

Pursuant to 28 U.S.C. § 1391(b), "[a] civil action may be brought in…a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." All Defendants in this case are residents of South Carolina. Accordingly, the U.S. District Court for the District of South Carolina is a proper forum for transfer for venue because the case "might have been brought" in that district. The issue before this Court is whether section

1404 analysis factors weigh in favor of litigating this matter in the Southern District of Alabama or the District of South Carolina.

Defendants aver that all the factors, except for factors 7 and 8, support its position that the District of South Carolina is a more convenient venue than this District. Specifically, Defendants contend that factor 7, the forum's familiarity with the governing law, "weighs equally between the Southern District of Alabama and the District of South Carolina" because this case involves claims brought under federal law, Alabama law, and South Carolina law. Doc. 8 at 12. Defendants also concede that factor 8, Plaintiffs' choice of forum, weighs in favor of this District but is not determinative. *Id.* at 13. Thus, factors 7 and 8 are not at issue.

Defendants argue factors 1, 2, 4, 5, and 9, the convenience of the witnesses, the location of relevant documents and the relative ease of access to sources of proof, the locus of operative facts, the availability of process to compel the attendance of unwilling witnesses, and trial efficiency and the interests of justice, based on the totality of the circumstances, weigh in favor of South Carolina because this suit is centered on Defendants' alleged conduct of improperly obtaining information about Plaintiffs' products and using that information to allegedly sell copycat products in South Carolina. Doc. 8 at 13; Doc. 11 at 9. Defendants reason that South Carolina is a more convenient venue because they have never been to Alabama, no relevant conduct took place in the state of Alabama, and majority of witnesses and relevant evidence will be in South Carolina rather than Alabama. Doc. 8 at 13. Defendants argue that South Carolina is over 100 miles from this Court, which hinders this Court's ability to subpoena a witness to appear at trial.[1] Defendants reason that there would be greater availability of process to compel unwilling witnesses to testify as to the

---

[1] A Court may only subpoena a witness to appear at trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person." *See* Fed. R. Civ. P. 45(c)(1).

operations of their South Carolina business in the District of South Carolina rather than this District.  Lastly, Defendants argue that factors 3 and 6, which concern the relative convenience and means of the parties, weigh in favor of transferring this case to the District of South Carolina.  Defendants contend that Plaintiffs operate a multistate business with a nationwide reach, and there is no indication that it would present any hardship for them to leave Alabama to litigate this matter.  However, Defendants operate a single business in South Carolina, and it would be a significant hardship for them to incur the expense of traveling to Alabama to litigate this matter. Doc. 11.

The Court finds that Defendants have not met their burden of establishing that this lawsuit warrants disturbing Plaintiffs' choice of forum.  The Court reasons that majority of the 1404 analysis factors weigh in favor of keeping this lawsuit in the Southern District of Alabama.

The Court finds Defendants' argument that majority of witnesses and relevant evidence will be in South Carolina rather than Alabama does not warrant transfer.  Defendants argue "[a]ny witnesses with knowledge of Defendants' conduct in South Carolina would, of necessity, be located in or around South Carolina." Doc. 11 at 9.  It is well settled that "the significance of the convenience of witnesses factor is diminished where, as here, most of the potential witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party."  *Omni Technologies, LLC, v. Know Ink, LLC* Civ. Act. No. 20-0175, 2020 WL 5239823, at *7, 2020 U.S. Dist. LEXIS 160620, at *17 (S.D. Ala. Sept. 2, 2020) (citing *Halbert v. Credit Suisse AG*, 358 F. Supp. 3d 1283, 1286-87 (N.D. Ala. 2018)).  The location of relevant evidence does not warrant transfer.  "[M]ost records and documents can be stored and transmitted electronically, [therefore] their location is entitled little weight," unless the movant shows both "their importance to the resolution of the case, and the inability to move or copy them easily."  *Combs v. Florida Dep't of Correction,* 461 F. Supp. 3d 1203, 1210-11 (N.D. Fla. 2020); *See*

*Weintraub v. Advanced Correctional Healthcare, Inc.*, 161 F. Supp. 3d 1272, 1283 (N.D. Ga 2015). Plaintiffs contend that there is no locus of the operative facts because neither federal district qualifies as being "the place where events and actors material to proving liability are located." *Gubarev v. Buzzfeed, Inc.* 253 F. Supp. 3d 1149, 1166 (S.D. Fla. 2017) ("[B]ecause there are arguably multiple loci of operative facts…this factor does not support transfer."). As for the relative means of the parties, the Court finds that this factor is neutral because there is no evidence concerning the parties' financial positions. *See DocRX, Inc. v. DOX Consulting, LLC*, 738 F. Supp. 2d 1234, 1256 n.20 (S.D. Ala. 2010) (finding that this factor "appears to be a wash" where the defendants provided no evidence of their own financial positions or the plaintiff's). In consideration of trial efficiency and the interests of justice, the Court finds that Defendants have not presented anything to suggest that trial efficiency and the interests of justice favor transfer to the District of South Carolina. Both parties stand to receive a fair trial expeditiously litigated in either district. Finally, the convenience of the parties is zero-sum. It is clearly more convenient for Plaintiffs, whose principal place of business is in Gulf Shores, Alabama, to pursue this action in the Southern District of Alabama, whereas it would be more convenient for Defendants, who reside in South Carolina, to defend this action in the District of South Carolina. Transferring this case to the District of South Carolina would merely shift inconvenience from the Defendants to the Plaintiffs. The Court must favor Plaintiffs' choice of forum by denying Defendants' motion to transfer venue to the District of South Carolina. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."). Accordingly, the Court finds that Defendants' alternative motion to transfer is also due to be denied.

## IV.  CONCLUSION

Pursuant to the foregoing Memorandum Opinion, the Court concludes that Plaintiffs have established a prima facie showing that personal jurisdiction exists over the claims against Defendants. Therefore, it is **ORDERED** that Defendants' motion to dismiss and alternative motion to transfer venue (Doc. 8) are both **DENIED**. Defendants may reassert the jurisdictional defense, in an appropriate motion after discovery is complete or by way of motion to dismiss after trial.

**DONE** and **ORDERED** this the 20th day of August, 2021.

 s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE