## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

THE YARD MILKSHAKE BAR              )
PROPERTIES, LLC, and               )
THE YARD MILKSHAKE BAR              )
FRANCHISING, LLC,                   )
                                    )
    Plaintiffs,                 )
                                    )
v.                                  )    CASE NO.: 20-CV-00498-MU
                                    )
BBH CREATIONS, LLC;                 )
BO STEELE  a/k/a ROBERT K.          )
STEELE; and SHERRI STEELE,          )
                                    )
    Defendants.                 )

## ANSWER AND COUNTERCLAIM

**COME NOW** the Defendants, BBH Creations, LLC, Bo Steele, and Sherri

Steele (collectively referred to as "Defendants"), and in Answer to the Plaintiffs'

Complaint states as follows:

**A.**    **SPECIFIC ALLEGATIONS**

### Parties, Jurisdiction, and Venue

1.    This paragraph does not appear to require a response from the

Defendants. To the extent any response is required, the allegations of this paragraph

are denied and strict proof is demanded.

2.    The allegations in this paragraph are admitted.

3.    The allegations in this paragraph are admitted.

4.     The allegations in this paragraph are admitted.

5.     The allegations in this paragraph are admitted.

6.     The allegations in this paragraph are admitted.

7.     The Defendants admit that this Court has subject matter jurisdiction over this action.

8.     The Defendants admit that this Court has subject matter jurisdiction over this action.

9.     The Defendants deny that this Court has personal jurisdiction over this action.

10     The Defendants deny that venue is proper in this district.

## Facts

11.     The allegations in this paragraph are admitted.

12.     The allegations in this paragraph are admitted.

13.     The allegations in this paragraph are admitted.

14.     The allegations in this paragraph are denied and strict proof is demanded.

15.     The Defendants admit that The Yard offers milkshakes and other dessert items. The Defendants deny that the offerings are unique.

16.     The allegations in this paragraph are denied and strict proof is demanded.

17.    The allegations in this paragraph are denied and strict proof is demanded.

18.    The allegations in this paragraph are denied and strict proof is demanded.

19.    The allegations in this paragraph are admitted.

20.    The Defendants admit that the Plaintiffs have franchised their restaurant concept.

21.    The allegations in this paragraph are denied and strict proof is demanded.

22.    The allegations in this paragraph are denied and strict proof is demanded.

23.    The allegations in this paragraph are denied and strict proof is demanded.

24.    The allegations in this paragraph are denied and strict proof is demanded.

25.    The allegations in this paragraph are denied and strict proof is demanded.

26.    The allegations in this paragraph are denied and strict proof is demanded.

27.     The allegations in this paragraph are denied and strict proof is demanded.

28.     The allegations in this paragraph are denied and strict proof is demanded.

29.     The allegations in this paragraph are admitted.

30.     The allegations in this paragraph are admitted.

31.     The allegations in this paragraph are denied and strict proof is demanded.

32.     The allegations in this paragraph are denied and strict proof is demanded.

33.     The allegations in this paragraph are denied and strict proof is demanded.

34.     The allegations in this paragraph are denied and strict proof is demanded.

35.     The allegations in this paragraph are denied and strict proof is demanded.

36.     The allegations in this paragraph are denied and strict proof is demanded.

37.     The allegations in this paragraph are denied and strict proof is demanded.

38.    The Defendants admit that Bo Steele was an employee of Sysco Corporation for several years.

39.    The allegations in this paragraph are denied and strict proof is demanded.

40.    The allegations in this paragraph are denied and strict proof is demanded.

41.    The allegations in this paragraph are denied and strict proof is demanded.

42.    The allegations in this paragraph are denied and strict proof is demanded.

43.    The allegations in this paragraph are denied and strict proof is demanded.

44.    The allegations in this paragraph are denied and strict proof is demanded.

45.    The allegations in this paragraph are denied and strict proof is demanded.

46.    The allegations in this paragraph are denied and strict proof is demanded.

47.    The allegations in this paragraph are denied and strict proof is demanded.

48.     The allegations in this paragraph and its subparts are denied and strict proof is demanded.

49.     The allegations in this paragraph and its subparts are denied and strict proof is demanded.

50.     The allegations in this paragraph are denied and strict proof is demanded.

51.     The allegations in this paragraph are denied and strict proof is demanded.

52.     The allegations in this paragraph are denied and strict proof is demanded.

53.     The allegations in this paragraph are denied and strict proof is demanded.

54.     The allegations in this paragraph are denied and strict proof is demanded.

55.     The allegations in this paragraph are denied and strict proof is demanded.

## COUNT ONE – DEFEND TRADE SECRETS ACT

56.     No response to this paragraph is required

57.     This paragraph does not appear to require a response from the Defendants. To the extent this paragraph can be construed as making any allegations

of any kind against the Defendants, those allegations are denied and strict proof is demanded.

58.    The Defendants admit that this Court has subject matter jurisdiction over this claim. The Defendants deny that the Court has personal jurisdiction over the Defendants.

59.    The allegations in this paragraph are denied and strict proof is demanded.

60.    The allegations in this paragraph are denied and strict proof is demanded.

61.    The allegations in this paragraph are denied and strict proof is demanded.

62.    The allegations in this paragraph are denied and strict proof is demanded.

63.    The allegations in this paragraph are denied and strict proof is demanded.

64.    The allegations in this paragraph are denied and strict proof is demanded.

65.    The allegations in this paragraph are denied and strict proof is demanded.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count One of the Complaint.

## COUNT TWO – ALABAMA TRADE SECRETS ACT

66.     No response is required to this paragraph.

67.     This paragraph does not appear to require a response from the Defendants. To the extent this paragraph can be construed as making any allegations of any kind against the Defendants, those allegations are denied and strict proof is demanded.

68.     The Defendants admit that this Court has subject matter jurisdiction over this claim. The Defendants deny that this Court has personal jurisdiction over the Defendants.

69.     The allegations of this paragraph are denied and strict proof is demanded.

70.     The allegations of this paragraph are denied and strict proof is demanded.

71.     The allegations of this paragraph are denied and strict proof is demanded.

72.     The allegations of this paragraph are denied and strict proof is demanded.

73.    The allegations of this paragraph are denied and strict proof is demanded.

74.    The allegations of this paragraph are denied and strict proof is demanded.

75.    The allegations of this paragraph are denied and strict proof is demanded.

76.    The allegations of this paragraph are denied and strict proof is demanded.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Two of the Complaint.

### COUNT THREE – SOUTH CAROLINA TRADE SECRETS ACT

77.    No response is required to this paragraph.

78.    This paragraph does not appear to require a response from the Defendants. To the extent this paragraph can be construed as making any allegations of any kind against the Defendants, those allegations are denied and strict proof is demanded.

79.    The Defendants admit that this Court has subject matter jurisdiction over this claim. The Defendants deny that this Court has personal jurisdiction over the Defendants.

80.    The allegations in this paragraph are denied and strict proof is demanded.

81.    The allegations in this paragraph are denied and strict proof is demanded.

82.    The allegations in this paragraph are denied and strict proof is demanded.

83.    The allegations in this paragraph are denied and strict proof is demanded.

84.    The allegations in this paragraph are denied and strict proof is demanded.

85.    The allegations in this paragraph are denied and strict proof is demanded.

86.    The allegations in this paragraph are denied and strict proof is demanded.

87.    The allegations in this paragraph are denied and strict proof is demanded.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Three of the Complaint.

## **COUNT FOUR – LANHAM ACT UNFAIR COMPETITION**

88.    No response is required to this paragraph.

89.     The allegations in this paragraph are denied and strict proof is demanded.

90.     The Defendants admit that this Court has subject matter jurisdiction over this claim. The Defendants deny that this Court has personal jurisdiction over the Defendants.

91.     The allegations in this paragraph are denied and strict proof is demanded.

92.     The allegations in this paragraph are denied and strict proof is demanded.

93.     The allegations in this paragraph are denied and strict proof is demanded.

94.     The allegations in this paragraph are denied and strict proof is demanded.

95.     The allegations in this paragraph are denied and strict proof is demanded.

96.     The allegations in this paragraph are denied and strict proof is demanded.

97.     The allegations in this paragraph are denied and strict proof is demanded.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Four of the Complaint.

## COUNT FIVE – TRADE DRESS INFRINGMENT

98.    No response is required to this paragraph.

99.    The allegations in this paragraph are denied and strict proof is demanded.

100.   The Defendants admit that this Court has subject matter jurisdiction over this claim. The Defendants deny that this Court has personal jurisdiction over the Defendants.

101.   The allegations in this paragraph are denied and strict proof is demanded.

102.   The allegations in this paragraph are denied and strict proof is demanded.

103.   The allegations in this paragraph are denied and strict proof is demanded.

104.   The allegations in this paragraph are denied and strict proof is demanded.

105.   The allegations in this paragraph are denied and strict proof is demanded.

106.   The allegations in this paragraph are denied and strict proof is demanded.

107.   The allegations in this paragraph are denied and strict proof is demanded.

108.   The allegations in this paragraph are denied and strict proof is demanded.

109.   The allegations in this paragraph are denied and strict proof is demanded.

110.   The allegations in this paragraph are denied and strict proof is demanded.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Five of the Complaint.

## <u>COUNT SIX – COMPUTER FRAUD AND ABUSE ACT</u>

111.   No response is required to this paragraph.

112.   The allegations in this paragraph are denied and strict proof is demanded.

113.   The Defendants admit that this Court has subject matter jurisdiction over this claim. The Defendants deny that this Court has personal jurisdiction over the Defendants.

114.   The allegations in this paragraph are denied and strict proof is demanded.

115.   The allegations in this paragraph are denied and strict proof is demanded.

116.   The allegations in this paragraph are denied and strict proof is demanded.

117.   The allegations in this paragraph are denied and strict proof is demanded.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Six of the Complaint.

## COUNT SEVEN – COPYRIGHT INFRINGMENT

118.   No response is required to this paragraph.

119.   The allegations in this paragraph are denied and strict proof is demanded.

120.   The Defendants admit that this Court has subject matter jurisdiction over this claim. The Defendants deny that this Court has personal jurisdiction over the Defendants.

121.   The allegations in this paragraph are denied and strict proof is demanded.

122.    The allegations in this paragraph are denied and strict proof is demanded.

123.    The allegations in this paragraph are denied and strict proof is demanded.

124.    The allegations in this paragraph are denied and strict proof is demanded.

125.    The allegations in this paragraph are denied and strict proof is demanded.

126.    The allegations in this paragraph are denied and strict proof is demanded.

127.    The allegations in this paragraph are denied and strict proof is demanded.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Seven of the Complaint.

## COUNT EIGHT – CONTRIBUTORY COPYRIGHT INFRINGMENT

128.    No response is required to this paragraph.

129.    The allegations in this paragraph are denied and strict proof is demanded.

130.   The Defendants admit that this Court has subject matter jurisdiction over this claim. The Defendants deny that this Court has personal jurisdiction over the Defendants.

131.   The allegations in this paragraph are denied and strict proof is demanded.

132.   The allegations in this paragraph are denied and strict proof is demanded.

133.   The allegations in this paragraph are denied and strict proof is demanded.

134.   The allegations in this paragraph are denied and strict proof is demanded.

135.   The allegations in this paragraph are denied and strict proof is demanded.

136.   The allegations in this paragraph are denied and strict proof is demanded.

137.   The allegations in this paragraph are denied and strict proof is demanded.

138.   The allegations in this paragraph are denied and strict proof is demanded.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Eight of the Complaint.

## COUNT NINE – CIVIL CONSPIRACY

139.   No response is required to this paragraph.

140.   The allegations in this paragraph are denied and strict proof is demanded.

141.   The Defendants admit that this Court has subject matter jurisdiction over this claim. The Defendants deny that this Court has personal jurisdiction over the Defendants.

142.   The allegations in this paragraph are denied and strict proof is demanded.

143.   The allegations in this paragraph are denied and strict proof is demanded.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Nine of the Complaint.

**B.**   **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint does not state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead that they did not make use of any trade secrets from the Plaintiffs, but instead independently developed the products and information at issue.

### THIRD AFFIRMATIVE DEFENSE

Defendants deny the material allegations in Plaintiffs' Complaint and demand strict proof thereof.

### FOURTH AFFIRMATIVE DEFENSE

Defendants plead that the alleged trade secrets at issue are public information or readily ascertainable.

### FIFTH AFFIRMATIVE DEFENSE

Defendants deny that they violated any of the Alabama, South Carolina, or Federal Code sections cited in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by collateral estoppel, judicial estoppel and/or res judicata and by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, none of which are admitted, but are expressly denied, were not the result of any acts or omissions by the Defendants but were the result of acts or omissions by other persons.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendants plead estoppel/ratification.

## NINTH AFFIRMATIVE DEFENSE

The Defendants plead accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

The Defendants plead that the Plaintiffs failed to keep the alleged trade secrets at issue secret and confidential.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendants plead the defense of fair use.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendants plead the defense of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Defendants plead the defense of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendants plead an intervening and superseding cause.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendants deny that the Plaintiffs were injured to the nature and extent claimed and demand strict proof thereof.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Defendants plead the failure of the Plaintiffs to mitigate their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates the Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates the Defendants' right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates the Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

## NINETEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendants under the Constitution of the United States of America.

## TWENTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiffs in this case would be violative of the constitutional safeguards provided to the Defendants under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiffs in this case will be violative of the procedural safeguards provided to the Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendants punitive

damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

It is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendants which are penal in nature by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiffs in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiffs in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY-EIGTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide

a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

The Defendants plead that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Defendants plead that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiffs in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until the Defendants have first been provided with "an opportunity to present every available defense." *Phillip Morris v. Williams,* 127 S.C.1057, 1063 (2007).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards to "cabin the jury's discretionary authority."   Thus, the punitive damage system in place in the State deprives the Defendants of "fair notice . . . of the severity of the penalty that [could be] imposed]," and subjects the Defendants to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decision maker's caprice." *Philip Morris v. Williams,* 127 S.C. 1057, 1063 (2007).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages.  Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects the Defendants to arbitrariness and inadequate notice. "[Given the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper

legal guidance." *Philip Morris v. Williams,* 127 S.C. 1057, 1062 (2007) (citations omitted.)

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages against the Defendants cannot be sustained, because an award of punitive damages based on anything other than the Defendants' conduct toward actual parties imposes "one State's (or one jury's) "policy choice" upon "neighboring states" with different public policies," in violation of the Due Process Clause of the United States Constitution. *Philip Morris v. Williams,* 127 S.C. 1057, 1059 (2007) (quoting *BMW of North America v. Gore,* 517 U.S. 559, 568, 116 Pscoid. 1589, 134 L. Ed. 2d 809).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper under the Due Process Clause of the Fourteenth Amendment because there are no standards provided by the State law for the imposition of punitive damages. "[It is constitutionally important for a court to provide assurance that a jury is asking the right question." *Phillip Morris v. Williams,* 127 S.C. 1057, 1059 (2007).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Defendants specifically reserves the right to amend this Answer to include additional defenses, whether affirmative or otherwise, as further discovery warrants.

## C.   <u>COUNTERCLAIM</u>

**COME NOW** Defendants/Counterclaim Plaintiffs BBH Creations, LLC, Bo Steele and Sherri Steele (collectively, "Counterclaim Plaintiffs"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, and hereby file this Counterclaim against Plaintiffs/Counterclaim Defendants The Yard Milkshake Bar Properties, LLC and The Yard Milkshake Bar Franchising, LLC (collectively, "Counterclaim Defendants"), and allege as follows:

1.      Counterclaim Defendant The Yard Milkshake Bar Properties, LLC is an Alabama limited liability company with its principal place of business in Baldwin County, Alabama.

2.      Counterclaim Defendant The Yard Milkshake Bar Franchising, LLC is an Alabama limited liability company with its principal place of business in Baldwin County, Alabama.

3.      Counterclaim Plaintiffs own and operate a restaurant called the Crazy Mason Milkshake Bar (hereinafter, "the Crazy Mason") in Myrtle Beach, South Carolina.

4.      As part of the operation of the Crazy Mason, Counterclaim Plaintiffs maintain various contractual and business relationships with various suppliers.

5.      One of the suppliers with whom Counterclaim Plaintiffs maintained a contractual and business relationship was The Hershey Company (hereinafter

"Hershey"), who supplied Counterclaim Plaintiffs with ice cream for the Crazy Mason.

6.      On or about Wednesday, January 13, 2021, Counterclaim Plaintiff Bo Steele contacted Hershey regarding an ice cream shipment which had not been delivered on the date on which it was scheduled for delivery.

7.      After getting in touch with the Hershey sales representative assigned to Counterclaim Plaintiffs' account, Counterclaim Plaintiffs were informed for the first time that Hershey would no longer act as a supplier for the Crazy Mason.

8.      Furthermore, the Hershey sales representative informed Counterclaim Plaintiffs that Hershey had been forced to choose between acting as a supplier to the Crazy Mason or another milkshake restaurant, and had chosen the other restaurant over the Crazy Mason.

9.      Upon information and belief, the Counterclaim Defendants informed Hershey that they would no longer do business with Hershey unless Hershey ceased acting as a supplier to the Crazy Mason.

10.     Counterclaim Plaintiffs suffered harm, including loss of income, loss of future business opportunities, and significant expenses as a result of the sudden and unexpected loss of the contractual and business relationship with a key supplier.

## COUNT I – TORTIOUS INTERFERENCE WITH A
## CONTRACTUAL RELATIONSHIP

11.    Counterclaim Plaintiffs hereby adopt and incorporate paragraphs 1-10 of the Counterclaim, as if set forth fully herein.

12.    Counterclaim Plaintiffs had a contractual relationship with Hershey.

13.    Counterclaim Defendants were strangers to that contractual relationship.

14.    Counterclaim Defendants were aware of the contractual relationship between Hershey and Counterclaim Plaintiffs.

15.    Counterclaim Defendants intentionally interfered with the contractual relationship between Hershey and Counterclaim Plaintiffs.

16.    There is no justification for Counterclaim Defendants tortious interference with that contractual relationship.

17.    Counterclaim Plaintiffs were damaged as a result of this interference.

WHEREFORE, premises considered, Counterclaim Plaintiffs hereby demand that this Court enter an award of damages against the Counterclaim Defendants for compensatory damages, punitive damages, attorneys' fees and costs, and any other relief that is appropriate and available.

## COUNT II – TORTIOUS INTERFERENCE WITH A
## BUSINESS RELATIONSHIP

18.    Counterclaim Plaintiffs hereby adopt and incorporate paragraphs 1-10 of the Counterclaim, as if set forth fully herein.

19.    Counterclaim Plaintiffs had a business relationship with Hershey.

20.    Counterclaim Defendants were strangers to that business relationship.

21.    Counterclaim Defendants were aware of the business relationship between Hershey and Counterclaim Plaintiffs.

22.    Counterclaim Defendants intentionally interfered with the business relationship between Hershey and Counterclaim Plaintiffs.

23.    There is no justification for Counterclaim Defendants tortious interference with that business relationship.

24.    Counterclaim Plaintiffs were damaged as a result of this interference.

WHEREFORE, premises considered, Counterclaim Plaintiffs hereby demand that this Court enter an award of damages against the Counterclaim Defendants for compensatory damages, punitive damages, attorneys' fees and costs, and any other relief that is appropriate and available.

## COUNT III – UNLAWFUL MONOPOLIZATION AND/OR
## COMBINATION IN RESTRICTION OF TRADE PURSUANT TO ALA.
## CODE § 6-5-60

25.    Counterclaim Plaintiffs hereby adopt and incorporate paragraphs 1-10 of the Counterclaim, as if set forth fully herein.

26.     Counterclaim Defendants have improperly attempted to monopolize and restrict trade in the specialty milkshakes market, by among other things interfering with the Counterclaim Plaintiffs ability to obtain needed supplies for their restaurant operations.

27.     Counterclaim Plaintiffs have been harmed by Counterclaim Plaintiffs actions to improperly monopolize and restrict trade.

28.     Counterclaim Plaintiffs bring this action to recover for those damages pursuant to Ala. Code § 6-5-60.

WHEREFORE, premises considered, Counterclaim Plaintiffs hereby demand that this Court enter an award of damages against the Counterclaim Defendants for compensatory damages, punitive damages, attorneys' fees and costs, and any other relief that is appropriate and available.

## COUNT IV – UNLAWFUL AND IMPROPER RESTRAINT OF TRADE PURSUANT TO 15 U.S.C. § 15

29.     Counterclaim Plaintiffs hereby adopt and incorporate paragraphs 1-10 of the Counterclaim, as if set forth fully herein.

30.     Counterclaim Defendants have improperly joined together or conspired to restrain competing trade in the specialty milkshake markets, in violation of Federal antitrust laws, codified at 15 U.S.C. § 1, *et seq.*, including but not limited to conspiracy to prevent competitors from obtaining needed supplies from suppliers.

31.     Counterclaim Plaintiffs have been damaged by Counterclaim Defendants violation of Federal antitrust law.

32.     Counterclaim Plaintiffs bring this action to recover for those damages under the Clayton Act, 15 U.S.C. § 15.

WHEREFORE, premises considered, Counterclaim Plaintiffs hereby demand that this Court enter an award of damages against the Counterclaim Defendants for compensatory damages, punitive damages, attorneys' fees and costs, and any other relief that is appropriate and available.

Respectfully submitted,


/s/ C. Steven Ball
C. STEVEN BALL (asb-5126-a64c)
ROBERT D. WINDSOR (asb-1987-z65j)
Attorneys for the Defendants


**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email: sball@carrallison.com
        rwindsor@carrallison.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this the 13th day of September, 2021:

Kristopher O. Anderson
Daniel E. Harrell
Clark Partington
4725 Main Street, Suite F-222
Orange Beach, AL  36561

<u>/s/ C. Steven Ball</u>
OF COUNSEL